IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JESSIE DAWKINS,<br>    ID # 02048609,<br>        Petitioner, | )<br>)<br>)<br>) |
| vs. | )    No. 3:22-CV-2741-L-BH |
| | ) |
| STATE OF TEXAS,<br>        Respondent. | )<br>)    Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, received on November 30, 2022 (doc. 1), should be **DENIED** with prejudice as barred by the statute of limitations.

## I.    BACKGROUND

Jessie Dawkins (Petitioner), currently an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2016 conviction and sentence in Dallas County, Texas. (*See* doc. 1 at 1.) He names the State of Texas as the respondent. (*See* doc. 2 at 1.)

On January 29, 2016, a jury convicted Petitioner of "assault family violence impede breath/circulate enhance" in Case No. F-1575397-L in the Criminal District Court No. 5 of Dallas County, Texas, and sentenced him to 25 years' imprisonment. *Judgment of Conviction by Jury*, *State v. Dawkins*, No. F-1575937-L (Crim. Dist. Ct. No. 5, Dallas Cnty., Tex. Jan. 29, 2016). On August 3, 2017, the state appellate court reformed the judgment to reflect: (1) the correct offense of assault, family violence, enhanced; (2) Petitioner's plea of not true to the indictment's

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

enhancement paragraphs; and (3) the trial court's implied findings on the enhancement paragraphs. *See Dawkins v. State*, No. 05–16–00101–CR, 2017 WL 3301784, at *3 (Tex. App.—Dallas Aug. 3, 2017, no pet.). As reformed, the judgment was affirmed. *See id.* Petitioner did not file a timely petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. *See Dawkins v. State*, No. PD-0881-17 (Tex. Crim. App. Nov. 30, 2017).

His first state habeas application, received by the trial court on November 27, 2017, was dismissed by the Texas Court of Criminal Appeals on February 7, 2018, because his conviction was not final at the time the application was filed in the trial court. *See Ex parte Dawkins*, No. WR-87,960-01 (Tex. Crim. App. Feb, 7, 2018); *Ex parte Dawkins*, No. W15-75397-L(A) (Crim. Dist. Ct. No. 5, Dallas Cnty., Tex. Nov. 27, 2017). His second state habeas application, dated April 9, 2019, was received by the trial court on April 16, 2019. *See Ex parte Dawkins*, No. W15-75397-L(B) (Crim. Dist. Ct. No. 5, Dallas Cnty., Tex. Apr. 16, 2019). On December 8, 2021, the Texas Court of Criminal Appeals denied his second state habeas application without written order on the findings of the trial court without a hearing and on its independent review of the record. *See Ex parte Dawkins*, No. WR-87,960-02 (Tex. Crim. App. Dec. 8, 2021).

Petitioner's § 2254 petition raises the following grounds for relief:

(1) The court was without jurisdiction to impose harsher punisment [sic] violated the 14th amendment due process clause;

(2) Trial counsel was ineffective in the totality of the trial in violation to [sic] the six [sic] amendment;

(3) Racial discrimination in the jury seletion [sic] violated the 14th amendment equal protection clause; and

(4) The state gave improper instruction [sic] to the jury in violation to the 14th amendment due process.

(doc. 1 at 5-10.) In his memorandum in support of the § 2254 petition, he also contends that:

    (5) The state is withholding exculpatory evidence that would impeach the state [sic] main witness; and

    (6) Petitioner is actually innocent of his charges and a denial of review by the federal [sic] will resault [sic] in a miscarriage of justice to happen.

(doc. 2 at 2.)

## II.     PROPER RESPONDENT

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]'." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004), quoting 28 U.S.C. § 2242; *see also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("the petition must name as respondent the state officer who has custody" of the petitioner). Generally, the only proper respondent is "'the person' with the ability to produce the prisoner's body before the habeas court." *Padilla*, 542 U.S. at 435. "[I]n habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. . . ." *Id.*

Because Petitioner challenges the legality of a state conviction and sentence that has resulted in his incarceration in the TDCJ-CID under § 2254, either the warden of the institution of incarceration or the chief officer in charge of state penal institutions is a proper respondent. *See* Advisory Committee Notes to Rule 2(a) ("The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions." (internal citation omitted)). The Director of TDCJ-CID should be substituted as the proper respondent in this case, and the State of Texas should be terminated. *See West v. Louisiana,* 478 F.2d 1026, 1031 (5th Cir. 1973) (noting that the district court would have been justified in treating the habeas petition as if the petitioner had named the proper respondent), *vacated in part on other grounds,* 510 F.2d 363 (5th Cir. 1975).

3

### III.   STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104–132, 110 Stat. 1214, on April 24, 1996. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court). Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on November 3, 2017, when his deadline to file a PDR expired.[2] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the

---

[2] On August 17, 2017, the Texas Court of Criminal Appeals granted Petitioner's motion for an extension of time to in which to file a PDR, and extended the filing date to November 3, 2017. *See Dawkins*, No. PD-0881-17 (Tex. Crim. App. Aug. 17, 2017). Petitioner failed to file a PDR when the time for filing the PDR expired on November 3, 2017, and he did not seek any further extensions. *See id.* (Tex. Crim. App. Nov. 30, 2017).

4

conviction becomes final when the time for seeking further direct review in the state court expires."); *Brown v. Thaler*, 455 F. App'x 401, 404-05 (5th Cir. 2011) (per curiam) (noting that a conviction becomes final for a petitioner who has been granted an extension to file a PDR, but who fails to file the PDR, on the date on which the petitioner could no longer seek direct review). Petitioner does not allege that state action prevented him from filing a § 2254 petition earlier, and he has not alleged any newly recognized constitutional right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B), (C).

Petitioner's allegations became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date, November 3, 2017. Petitioner filed this habeas action over five years later. His § 2254 petition is therefore untimely in the absence of statutory or equitable tolling, or an applicable exception to the limitations period.

**A.      Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Because Petitioner's first state habeas application was filed before his state conviction became final, it was not properly filed for purposes of 28 U.S.C. § 2244(d)(2), and it did not toll the limitations period. *See Madden v. Thaler*, 521 F. App'x 316, 320 & n.3 (5th Cir. 2013). His second state habeas application, dated April 9, 2019, was received by the trial court on April 16, 2019, over five months after his limitations period expired on November 3, 2018. It therefore also does not toll the limitations period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th

Cir. 2000) (holding that habeas application filed in state court after expiration of the limitations period does not statutorily toll the limitations period). Statutory tolling does not save his petition.

**B.     Equitable Tolling**

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (recognizing that only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner "is requesting equitable tolling because the state has withheld meterial [sic] evidence that would prove that the state's main witness could have been impeached," and that the "AEDPA's one-year requirement was actually impeded by the state's constant denial to release

6

the newly discovered evidence." (doc. 2 at 4.) He contends that "[t]he state would not release the hearing transcrip [sic]" from a May 5, 2015 protective order hearing at which Petitioner was present and represented by counsel. (*Id.*; *see also id.* at 39.) Petitioner has not shown that the state was under any obligation to furnish a transcript of the hearing to him; nor has he shown that the state prevented him from seeking, paying for, or otherwise obtaining said transcript.[3] Further, he has not provided any facts or evidence showing that he needed the transcript in order to file his state habeas application, especially when he personally experienced the May 2015 hearing and the full trial.

Petitioner has failed to satisfy his burden to show that any failure by the state to provide him a transcript of the May 2015 hearing constituted an extraordinary circumstance that prevented a timely filing. *See, e.g.*, *Johnson v. Johnson*, 194 F.3d 1309, 1999 WL 767047, at *1 (5th Cir. 1999) (holding that a habeas petitioner was not entitled to equitable tolling based on unsuccessful efforts to obtain state records at no cost); *White v. Director, TDCJ-CID*, No. 6:19cv141, 2020 WL 912773, at *4 (E.D. Tex. Jan. 23, 2020) (citing cases). He therefore has failed to meet his burden to show that he is entitled to equitable tolling.[4]

### C.   Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations

---

[3] Petitioner attaches to his memorandum a November 2017 letter he wrote to his appellate counsel requesting copies of trial records, but not the separate May 2015 hearing transcript, to which his counsel provided direction on how to obtain such records. (*See* doc. 2 at 42, 44-45.) He also attaches an undated, handwritten note referencing the May 2015 hearing transcript. (*See id.* at 55.) These exhibits fail to show that the state denied him or prevented him from obtaining a transcript of the hearing in question.

[4] To the extent Petitioner's arguments for equitable tolling can be liberally construed to allege a state impediment to filing his § 2254 petition under § 2244(d)(1)(B), he also has failed to show a state impediment for the reasons discussed. *See Johnson*, 1999 WL 767047, at *1.

7

under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

Here, Petitioner has failed to satisfy this high bar. To support his claim, he alleges that the "new discovered evidence is [the complainant's] testimony at the May 5th 2015 Protective Order hearing." (doc. 2 at 4.) He alleges that the complainant testified at trial that Petitioner "hit her and choked her with his forearm," but she "stated in the hearing that petitioner did not hit her and that petitioner choked her with his hands." (*Id.*) He contends that his trial and appellate counsel did not address the issue, and he complains that the prosecution "would not release the hearing transcrip [sic]." (*Id.*) The records provided by Petitioner show that he was present in person at the May 2015 hearing, and his allegations that his trial and appellate counsel did not address the issue establish that the alleged evidence on which he relies is not "new" evidence. (*See id.* at 4, 39); *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) ("Evidence does not qualify as 'new'

under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'"). Further, the alleged testimony does not present evidence of actual innocence of assault, family violence, given that the complainant testified at the hearing that Petitioner choked her. Accordingly, Petitioner cannot overcome the applicable AEDPA limitations period on the basis of alleged actual innocence, and his § 2254 petition should be denied as untimely.

## IV. RECOMMENDATION

The *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, received on November 30, 2022 (doc. 1), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 13th day of December, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE